Okay, we'll now take the next case on our docket, 24-4052 J.H. v. Anthem Blue Cross Life and Health Insurance. Mr. King, you can start. Let's wait until the courtroom clears. Good morning, Your Honors. Brian King for the plaintiff. Hold on a second until the door is closed. Please restart his clock if you would. Okay. Good morning, Your Honors. May it please the Court, Brian King for the plaintiffs. This is a case that involves a couple of fairly narrowly focused issues. The underlying issue involves a young man who was treated at the Residential Treatment Center for Mental Health and Substance Use Disorders. He filed, we filed, a case in district court in Utah just with one cause of action for wrongful denial of benefits. In response, Anthem, the insurance company, filed a motion to dismiss saying that the language, the limitation of action language in the policy clearly established only one year as opposed to three years. We argued that the language of the policy was ambiguous, that it was contradictory actually, and that the statute of limitation language in the policy clearly established a three-year time frame for claims for wrongly denied benefits. Counsel, I wanted to stop you there because I have a question already about your position. So it seems that your position proceeds from the misunderstanding, I think the district court's interpretation did too, that you're bound by either the three or the one. And I'm wondering why it's not unambiguous that you would be bound by both because the limitations run from different events. Could you speak to that? Yeah, I can, Your Honor. One of the things that we talked about in front of the district court and in the briefing that you've got is the need for plan drafters, policy drafters to provide clear, unambiguous information that gives plan participants and beneficiaries notice of limitations, restrictions, circumstances that could result in a denial of their claim. And that could form a separate cause of action against Anthem, isn't that right? Yes, it could. And it's not at issue here. No, it's not. So if we don't think about the broader context, which I'm not suggesting is at all irrelevant, but it isn't a claim that you have raised, how would you answer my question about why we should proceed into the inquiry thinking that only one applies? I think that both can apply in answer to your question, Judge Rossman. The challenge is when you're a participant or beneficiary or a lawyer representing them, you are entitled to under the ERISA notice and disclosure provisions a clear statement from the plan about the plan sponsor and the drafters of the plan about circumstances that will result in a loss of benefits. One of those circumstances is clearly, hey, if you don't bring the claim within a year, you're going to lose your benefits or your chance to get your benefits as opposed to three years. Your point illustrates, I think, a salient argument for the appellants, which is this language is unclear about when these two timeframes apply. So that sort of goes to what we mean when we talk about the reasonable plan participant and what their understanding would be? Correct, Your Honor. Are we to understand that the reasonable plan participant in this case would understand that their plan could be used by Anthem in a non-ERISA, for non-ERISA employers? I don't believe that a reasonable participant would think that because these participants were part of an ERISA plan that's undisputed. So even though this language and the plan itself makes reference to non-ERISA claims and situations, I suppose, these plan participants we should read as being the reasonable plan participant here is a reasonable plan participant who has an ERISA-only plan. Absolutely. And these claims could only be ERISA-only claims, is that correct? Absolutely, Your Honor. And that's because this plan, undisputedly, is governed by ERISA. And that's part of the problem that the District Court went astray on is talking about non-Section 502A plans or claims that could be brought under non-Section 502 claims. And there are no such things. At least as to the claim in this case, there's certainly no such claims. So the idea that you've got two separate provisions, one a one-year and one a three-year, and the three-year applies to non-502A claims and the one-year applies to 502 and this is a 502 claim, that's problematic because there are no such non-502. So your position is that the three years for the written, the provision that talks about the written proof of loss, that that applies to 502A claims that require a written proof of loss, which is your claim? Absolutely. This is an A1B claim is a claim that's brought under Section 502A, Subsection 1, Subsection B, that talks about wrongfully denied claims. It's the workhorse of ERISA. Okay. So then we've checked that box. Why doesn't it also apply the one-year apply to you as well? Well, the one-year claim does apply in the sense that it is a Section 502A claim that we are bringing in this case. The problem is that if you're the plan participant or beneficiary, why should you be stuck with the shorter of the two timeframes when there is language that unambiguously applies to your claim that says you've got three years from the time of proof of loss. What confuses me about your position is that it seems to rely on some relief on a claim you did not bring. So in other words, it seems that we're understanding this is an ERISA plan. That's it. No, we're not talking about non-ERISA claims. Maybe the district court misunderstood. You agree the three-year applies. You're bringing a claim that requires a written proof of loss. Right. You agree that 502A of ERISA applies to you, so the one-year applies.  And what makes your position availing, if I understand it correctly, is that Anthem should have made it clear. Which one are we talking about? Right. But that's relief that seems to be attendant to a claim you did not bring. Am I wrong about that? I think so, and for this reason. Okay, why? When we brought this claim, we didn't bring a claim saying, hey, it's three years and one year. There's ambiguity. You violated ERISA's notice and disclosure requirements. It's in response to the motion to dismiss that we say, hey, you've got contradicting language here. You don't have language that clearly tells whether it's one year or three years. And under those circumstances, the Tenth Circuit is very clear in its precedent that insureds get the benefit of the more lenient provision. They get the benefit of when there's ambiguous language, language that favors coverage. The Childs case says it's not a lot to ask that when these insurers draft these plans that they do so precisely, that they do so clearly, that they do it in a way that doesn't mislead people. It seems to me you're reading these limitations periods as saying you can bring this any time within three years of this event, and you can bring it any time within one year of this event. That's not what it says. It says you can't bring it more than three years after this event, and you can't bring it more than a year after this other event, which is the point. I was very pleased to hear that was a nice clarifying question to start it off. They're not inconsistent. They have two time limits, and it says you have to do it within three years of this event, and you also have to do it within one year of this event. So if one of those is not satisfied, you can't bring the claim. You're reading it, as I said, to actually give you permission to file within three years. I would agree, Your Honor, that if you read them as both applying, we qualify under one and we don't qualify under the other. No, you don't. But the problem with that is it's not that you're qualified under one. It's you're not banned by one, but you are prohibited by the other. That's the proper way to read these provisions, I think. Well, I disagree in the sense that we made the argument, I think persuasively, that the more specific provision is the language, the first two sentences of the language, which is we're talking about an action that can be brought, a legal or equitable action that can be brought involving a written proof of loss. That specifically talks about a wrongful denial of benefits claim. So I think that I agree with you. I think there's a reasonable reading that that is more specific if we're only talking about ERISA claims. The problem is that if we agree that both apply to you, why are we invoking a canon of general over specific? Why does that even apply here? Because what that does is it's in service of deciding, well, which one applies. But they both apply to you. Well, arguably, they do both apply. We argue that one is more specific than the other. But what does that do? So that contractual tool of contractual interpretation, what does that do here if we don't need to pick? Well, I think you do need to pick simply because we're talking about what the reasonable plan participant is, what the reasonable expectations are going to be and whether there is ambiguity in this language. So would you want us to write an opinion that says the three-year applies, the one-year applies, they both can apply, we're not picking one, but that that makes this ambiguous for the ordinary or the, I guess, it's reasonable plan participant.  And under those circumstances, we would invoke this general over the specific canon. Specific over general. More specific over general, and we would then find ourselves in the three-year. Is that how your analysis proceeds? That's one way to get there, and I'm fine with that, Your Honor. I'm sure that you would be fine with that. There are other ways. You can't just say thank you. Exactly, Your Honor. Thank you, Judge Rossman. No, I think there are several problems with the court's analysis here, but I've got four minutes left. I'll reserve the time to respond to my colleague's comments. All right. Good morning, and may it please the court. Nathan Maragoni from Troutland Pepper Lock on behalf of Anthem Blue Cross Life and Health Insurance Company. As the panel has noted, the issue before the court really is a fairly straightforward question of whether, where the one-year limitation provision by its plain language applies to plaintiff's claims, does the presence of this three-year period as plaintiff's search render ambiguous or otherwise inapplicable, or sorry, render the one-year period ambiguous or inapplicable? The answer is no, and the district court correctly concluded that plaintiff's claims were barred by the one-year statute of limitations. Didn't the district court just really get off on the wrong foot by assuming that there's a universe of non-502A claims? As to this plaintiff, yes. Yes. Yes. The, you know, the point that we make about the availability of non-502A claims really goes to the question about sort of explaining why this would have been drafted in this way and why it doesn't create, you know, But Anthem isn't suggesting that a reasonable plan participant with an ERISA plan needs to understand that non-ERISA claims might be arbitrable or something like that. Not to read the fine print of the agreement, you are not insisting on that position, right? No, Your Honor. No. And really, we think the most straightforward way for the court to address this is really the way that you brought out in your questions to Mr. King, which is these are really provisions that they run from different periods and for different periods, and thus whether or not they apply to different subject matters, they actually can coexist. There is no conflict between these provisions. Saying a claim must be brought within three years of the proof of loss and saying a claim must be brought within one year of the subsequent grievance and appeals decision simply applies two requirements, two timeliness requirements to the lawsuit. Isn't the first a statute of repose and the second is the statute of limitations? Essentially, Your Honor, yes. And I mean, that's the only way you can get there because if you're, as I understand the plaintiff's argument, there's two statutes of limitations within one paragraph, and you get to choose which statute of limitations you want to go by, which is nonsensical. The only way it makes sense is if you have a statute of repose, which isn't really an issue here because you weren't longer than three years from the time written for the proof of loss, and you have a statute of limitations that's very specific. I didn't, I mean, you didn't really make that argument that way, but that's what I think you're saying? Your Honor, I believe I actually did present the argument that way in a brief. Well, yeah, okay. I know you talked about a statute of repose, but I didn't think you connected it like that. Well, and perhaps it was inartful drafting, but that is our position, yes, that you have the three-year period behaves like a traditional statute of repose. These are obviously not statutes because they're contractual provisions, but you have this period that runs from not the, you know, the breach or the, you know, the injury-causing event. It runs from a set predetermined, you know, period. This is whenever the, you know, under the plan, the proof of loss is required 90 days after or within 90 days after the services are received, right, and that requires a complete claim be submitted to Anthem. Subsequently, through the claims procedure, there's an opportunity. Anthem makes a decision. There's an internal appeal. Anthem makes its final appeal decision. Those are all listed at 209 of the record if that's helpful for these ERISA plans. Once that final decision is made, that's the point at which the plaintiff has an injury as to Anthem. How is a reasonable plan participant supposed to know the difference between a statute of repose and a statute of limitations? I think a reasonable plan participant could read the provision that says it must be brought within three years, and it must be brought within, and if it's the specific type of claim, it must be brought within one year. It's the specific. You can't rely on the specific now. That doesn't work if you're saying both apply. Well, but I mean, it says. It's just as specific for the three-year. It's a written proof of loss that's required for a denial benefits claim under 502A. Right. So I think a plan participant would read and say, well, it's a legal equitable action against the plan that requires a proof of loss. It must be brought within three years. Also, an ERISA 502A claim must be brought within one year. That's maybe a reasonable reading, but it's not the only reasonable reading. It just seems that from a reasonable plan participant's perspective, which is the perspective we are required to approach the case with, your argument, your most availing argument, relies on this distinction between a statute of repose and a statute of limitations, which is a highly technical reading of something that should be clear, and it's your responsibility to make it clear. And, excuse me, I'm not sure that I'm not sure that the reasonable plan member needs to understand the distinction between those two things. What's so hard about reading the two provisions and saying, I have to satisfy both these conditions to file suit? I don't see what's complicated. I don't care whether you call it a statute of limitations, statute of repose, a contractual requirement. There are lots of things where you can't sue unless several things are satisfied, and here there are two things. Yes, I think that's correct. I don't think the member needs to understand the difference between a repose and limitations period. I think the member just needs to recognize there are two periods that both apply to the type of claim they would like to bring, and they have to comply with both of them, and that requires them to file. Is there any ambiguity about saying it has to be three years after you file a claim? And then it has to be, or is there any problem with reading you have to file within one year of the denial of benefits after all appeals? I don't see any ambiguity there, Your Honor, no. The other point I would make about Anthem's responsibility to draft this clearly is, as the court noted, that that is, you know, we don't dispute that that is a requirement. We believe that this is drafted in an unambiguous fashion, imposing two requirements that a claimant must comply with if they are bringing an ERISA Section 508 claim. And the other piece is, this is not something that the appellants in their brief, I mean, they talk about this obligation, but they don't argue this in their opening brief as a basis for reversing the district court's decision. So to then on their reply say, well, Anthem has failed to demonstrate its compliance with this fiduciary obligation, you know, to the extent that is a basis for overturning the district court's decision, we think it was waived. So I'm not sure I follow. Are you contending that this, the notion of Anthem's fiduciary obligations and how they fit into this case is an argument that can be waived and advanced? I mean, I did understand it. I appreciate appellant's response, and I have to think about it more, but that it's not derived from bringing a specific kind of claim that's not at issue here. It seems that you're saying we should still think about it, even though this was not a case about Anthem's fiduciary obligations or a challenge to Anthem's failure to meet its fiduciary obligations. I think the opposite. I think we're saying you shouldn't consider it because to the extent plaintiff, or sorry, the appellants have sort of argued that this is highly relevant to your determination in their reply brief. I think they waived it by not making the decision. But my point is that I think you're saying it's an argument that can be waived, and I'm thinking about it in terms of it's a claim that they may have, they could have alleged, but they didn't. Which is the right way to look at it, I guess. Well, and it may be both. I haven't looked at whether, you know, the extent to which it would be a stand-alone cause of action. You're talking about the briefs on appeal. Correct. It wasn't raised in the opening brief. It was, okay. Yeah, and really the appellants addressed it. Had it been raised below? I think in the same fashion that it was discussed as sort of, you know, Anthem's obligation. And I believe the argument made below was that what it stood for is in the event that the court found an ambiguity, that it should read it in favor of the plaintiffs. But that was how it was used below. But would you agree that you're seeking an affirmance on alternative grounds here because the district, you're no longer really defending the district court's reasoning in support of its disposition. Is that fair? Yes, I think it's the best way we think to affirm would be on an alternative ground, yes. And was this question litigated below, or put differently, not the question, but these arguments about the distinction between a statute of repose, statute of limitations, or leaving aside the labels, both apply. Was that litigated before the district court, or is this just new on appeal? The limitations repose distinction was not litigated below. Because everyone seemed to have proceeded from this assumption that only one applies. You have to pick, is it three, is it one? Is that fair? I don't know that we briefed it that way. My understanding has been, Anthem's position is that they can both apply. I do think the district court understood or at least analyzed the issue as being selecting one which should apply. And I guess my questions are going to, if we are going to treat this in your favor, if that's how the decision comes out, as an affirmance on alternative grounds, are the sorts of things we think about when we're deciding whether it's fair to do that, are those satisfied here in favor of Anthem? Are the reasons for affirming on alternative grounds? Not the legal merits, the equitable reasons. Has this been squarely put to the district court? Has everyone had a chance to brief the question? So I think my answer to that would be, we have maintained that they both can apply. Certainly, the argument for affirmance is based on something that is apparent. It's not just apparent in the record. It's apparent on the face of the document. And so, I mean, yes, we think this is something that the court would be justified in affirming on the basis. Because it's really a question of contractual interpretation, right, at the end of the day, which is a purely legal issue. I'm getting a little confused. I gather that your position below was that the provision setting the one-year limit applied and was enforceable in this case. Is that right? Yes. And the judge agreed, and that's what you're arguing on appeal? Yes. He said, where you think he may have goofed, and I would agree, is he said, I have to choose between the two, and the one-year is the one that applies here. You're saying, regardless of whether the three-year applies, the one-year applies, and you should affirm on that ground. Am I understanding things correctly? Yes, I think our position is the one-year applies and the presence of the three-year, because I also think it's undisputed that the three-year wouldn't be implicated under these facts, right? That the presence of the three-year does not render the one-year ambiguous or otherwise prevent its application, because it applies to a different context. Well, you essentially agreed, as I read what happened below, is you essentially agreed with the concept that these were somehow two separate statutes of limitation, and you tried to explain how that could be, and the district court, and I think you argued, so you would look at the more specific one, the one-year one versus the three-year one, which to me is nonsensical, the idea that you would have two statute of limitations, and you would look to the more specific, and I don't think any of that body of case law and that canon of construction applies if you were talking about statutes of limitation, that you would have to choose a more specific statute of limitation. None of it makes sense unless you think of it as what it is, which is a statute of repose, and which is not problematic here, because the three years isn't implicated. And it reads that way, but no one seemed to do that below, which is what threw me from the beginning as I, you know, why we were talking about these as though they were two separate statute of limitations which you could pick and choose. Well, look, why couldn't you have both these sentences in the same paragraph? There are statute of limitations that say you have to do this within three years of this, or two years of this, or one year of this, and whatever. Or they say within, they might say within three years of this, or one year of discovery, or 20 years after the person reaches majority, or, you know, all sorts of things in one statute. Is there any reason they couldn't have been both put in the same place? Well, I mean, they are in the same paragraph. I think one follows three sentences after the other. Oh, really? Yeah. In terms of whether they can be statutes of limitations that, you know, What's in between the two? So the description of the three-year period, or sorry, the description of the type of claims that may be brought to a three-year period. I'm not sure. Maybe there's one other sentence, and then it proceeds to the requirement that a 502A claim must be brought within one year. Yeah. So, and I think, you know, to address your point, I'm out of time, but would you like me to briefly address that? Real briefly. Very briefly. I do think even if they are viewed as statutes of limitations, both, they could coexist together because, as you noted, there are plenty of statute of limitations that impose different requirements at different years. Thank you. All right, thank you. Counsel, I think you have four minutes. Thank you. I want to go back. I certainly recognize the distinction between a statute of repose and a statute of limitation, and would agree that the language in the first part of this provision that we're looking at, the three-year language is framed as a statute of repose, whereas the last sentence that says if you're bringing a civil action, you must bring it within one year of the grievance or appeal decision. That's why, to get to your point, Judge Rossman, in response to the motion to dismiss, the very first argument we raised was, this language is not written in compliance with ERISA's notice and disclosure requirements. The struggles that the panel is having illustrate this is something that attorneys can work through and say, okay, we get the distinction between the statute of repose or repose language and limitation language. It's not reasonable to say to an ordinary person who is just working at X company, hey, you need to get this distinction. There's three years and there's one year referenced in the same paragraph. What is so hard about that? They're not lawyers. No, no. As an ordinarily intelligent human being whose mind is not encumbered by having gone to law school, would they not read this as saying, if I'm going to file this, I've got to do it within three years of filing my claim and with one year of getting the result. What is, where I'm confused is I don't see why there's any confusion. It seems to me you don't have to know any law to see that. And particularly where the last line is consistent with the notice that they received, which says you, this is, you have to bring your 502A section. You have to bring it within one year. And then they look at this and they say, huh, if you bring a civil action under Section 502A, which this is and which I've been told that I would have to bring within one year, you must bring it within one year. But it also tells you if it's longer. It does. Well, it tells you no such action can be started later than three years. And that letter, that letter says, or you may have a longer period, look to the terms of the plan. That is true. Now, that's the confusion.  That's the confusion. That's the confusion. Can you help me understand how to use your argument in an opinion for you? Because I still don't see the path. And what I mean by that is if we agree that both can apply, we agree that this is only an ERISA plan, and we agree that the ordinary plan participant, for whatever reason, would not be able to decipher that both apply. You want us to say that the reason you prevail is on account of Anthem's failure to comply with its disclosure obligations. How can we do that when that's not a claim in the case? Well, you get under 502A an appropriate, you have the ability to bring, ask for appropriate equitable relief. And we didn't know that we were going to need the type of appropriate equitable relief you're alluding to, Your Honor, until we saw the motion to dismiss. That's why we never brought a claim. We didn't think we were going to have to come in and fend off a motion to dismiss. Could you have amended your complaint? We could have in response to the motion to dismiss. Sure. I suppose we could have. We did not do that. But there's no question, Your Honors, that we raised this issue about the notice and disclosure requirements before both the district court and, of course, in our briefing before this court, as you know. So I think that's a critical point. I'm troubled by the fact that neither the district court nor Anthem says a peep, not a word about it, in this, before this court and before a briefing down there. And, look, with all due respect, Your Honors, when you say, well, God, can't you read? No. Look, the difference between a statute of limitations is something that you learn in your second or third year of law school, and some people still struggle with it. I struggle with it. I don't know the difference, but I don't see why I had to know it here. I'm not talking about the labels that we put on it. I'm talking about the very specific language, which is if you bring a civil action under Section 502A, which they do understand that is what they are bringing. You must, M-U-S-T, must bring it within one year, and they've already been told that. I don't think that's confusing. I think that line is what they read. And the idea that they would somehow go, well, it says I must bring this action within one year, and my notice also said that, but maybe, maybe, maybe must doesn't mean must. But it opens the door to say, unless the plan gives a longer period. The notice does, yeah. Yeah, and the plan does talk about three years, so there's where the confusion is. Yeah. Thank you. Thank you very much, Counsel. Thank you. Case submitted. Counselor, excuse me.